**CUEVAS & GREENWALD, P.C.**
*Attorneys for the Debtors and Debtor-Defendants*
*Bob Brooks and Alexandra Brooks*
at 475 Park Avenue South - 26th Floor
New York, New York 10016
212-983-1922
Wayne M. Greenwald

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X

In re                                                   Case No.: 13-70840-dte

**BOB BROOKS and**                                      **In Proceedings for**
**ALEXANDRA BROOKS,**                                   **Reorganization under**
                              Debtors.                  **Chapter 11**
----------------------------------------------------------------X
**IGOR KORSUNSKY, YELENA KORSUNSKAYA**
**AND AQUA SHIELD, INC.**                               Adv No.
                                                        **13-08067-dte**

                              Plaintiffs,

-against-

**BOB BROOKS and**
**ALEXANDRA BROOKS**

                              Defendants.

----------------------------------------------------------------X

### BOB BROOKS' AND ALEXANDRA BROOKS' VERIFIED MOTION FOR ORDERS, PURSUANT TO FED.R.BANKR.P. 9023, FOR A NEW TRIAL AND RELIEVING THEM OF THAT PORTION OF THIS COURT'S ORDER, DATED NOVEMBER 26, 2013, WHICH DID NOT DISMISS THE COMPLAINT'S CLAIMS, <u>WITH POINTS AND AUTHORITIES</u>

TO:  DOROTHY T. EISENBERG
     UNITED STATES BANKRUPTCY JUDGE

Bob Brooks and Alexandra Brooks, the Debtor-Defendants (the "Brooks"),

by their attorneys, Cuevas & Greenwald, P.C., represent:

## PRELIMINARY STATEMENT

1.    The Brooks ask this Court to enter orders: a.) pursuant to Local Bankruptcy

Rule 9023-1, Fed.R.Bankr.P. 9023[1] and Fed.R.Civ.P. 59, I.) relieving the

Brooks of that portion of this Court's this Court's order, dated November 26,

2013 (the "Order")[2] , which denied the Brook's motion to dismiss Claims

One, Two, Three, Four, Five and Eight of the Complaint in this action (the

"Complaint"), [3] to the extent they rely on 11 U.S.C. § 523(a)(4), pursuant to

Fed.R.Bankr.P. 7012 and 7009 (the "Prior Motion");  II.) granting

reconsideration of that portion of the Prior Motion concerning the  Claims

---

[1] Fed.R.Bankr.P.  9023 incorporates by reference Fed.R.Civ.P. 59(e), which provides that a motion to alter or amend a judgment may be filed no later than 10 (now 14 days) days after entry of judgment. *Wight v. Bankamerica Corp.,* 219 F.3d 79, 84 (2d Cir.2000). In order to be successful, a motion to alter or amend a judgment must show that the court "overlooked 'matters or controlling decisions' which, had they been considered, might reasonably have altered the result reached by the court." *In re Handler* 324 B.R. 194, 196 (Bankr.E.D.N.Y.,2006)

[2] A true and correct copy of the Order is annexed hereto and made a part hereof as Exhibit "A."

[3] A true and correct copy of the Complaint is annexed hereto and made a part hereof as Exhibit "B."

One, Two, Three, Four, Five and Eight of the Complaint to the extent they rely on 11 U.S.C. § 523(a)(4); and c.) granting such other and further relief as the Court deems proper. (the "Motion").

2.   This Motion should be granted because:

a.)   This Court erred in determining the Complaint may have created an inference of fraud or defalcation by the Brooks;

b.)   For a claim asserting fraud, under 11 U.S.C. § 523(a) to be viable, it must create a strong inference of fraud;

c.)   The Complaint lacked allegations of fact from which an inference of fraud or defalcation could arise;

d.)   The Complaint's lacking allegations of fact from which an inference of fraud or defalcation could arise denied the Court a rational basis for sustaining the Un-Dismissed Claims; [4]

e.)   The Award, on which the Complaint's allegations depend, provided an "obvious alternative explanation" that is more likely and renders the Un-Dismissed Claims implausible, requiring their dismissal *Holmes v. Air Line Pilots Ass'n, Intern.*,745 F.Supp.2d 176, 193(E.D.N.Y. 2010), *Amusement Industry, Inc. v. Stern*, 2010 WL

---

[4] As that term is defined herein.

2976204 *4 (S.D.N.Y. 2010).

f.)     Accordingly, in reaching its decision resulting in the Order, the Court "overlooked 'matters or controlling decisions' which, had they been considered, might reasonably have altered the result reached by the court. *In re Handler* 324 B.R. 194, 196 (Bankr .E.D.N.Y. 2005)

## BACKGROUND

3.     The Debtors filed their voluntary petition for relief under chapter 11 of the Bankruptcy Code on February 21, 2013.

4.     The Debtors have been continued in the possession of their property and operation of their business as debtors in possession, pursuant to 11 U.S.C. §§ 1108 and 1109.

5.      Bob Brooks is an entrepreneur and inventor. He owns an equity security interest in Aqua Shield, Inc. ("Aqua Shield") He is also an officer in Aqua Shield and its manager. Aqua Shield manufactures enclosures and similar structures.

6.     Alexandra Brooks is primarily a homemaker. She also owns an equity security interest in Aqua Shield. From time to time she may assist Bob Brooks in managing Aqua Shield.

7.      No committee of unsecured creditors is appointed in this case.

8.      This Court has jurisdiction over this matter, pursuant to 28 U.S.C. §§ 1334

and 157.

9.      This matter is a "core proceeding" as that term is defined by 28 U.S.C. §

157.

10.     Upon information and belief, this matter concerns a "public right."

11.     This district is the appropriate district to consider this Motion, pursuant to 28

U.S.C. §§ 1408 and 1409.


## THIS ACTION, THE PRIOR MOTION AND THE ORDER

### *This Action*

12.     The Plaintiffs commenced this action by filing their Complaint on May 21,

2013.

13.     The Complaint seeks a determination that the Korsunskys' claims against

the Brooks are not dischargeable.

14.     The Complaint asserted nine claims for relief , relying on 11 U.S.C. §

523(a)(2)(A) (debt, property or services obtained by defalcation fraud or

false pretenses), 11 U.S.C. § 523(a)(4) (debt resulting from fraud or

defalcation while acting in a fiduciary capacity, embezzlement, or larceny);

11 U.S.C. 523(a)(1)( C ) (claim based on a fraudulent return or willful

attempt to evade or defeat a tax); 11 U.S.C. 523(a)(7) (a fine, penalty, or

forfeiture payable to and for the benefit of a governmental unit, and is not

compensation for actual pecuniary loss, other than a tax penalty).

15.   The Complaint's allegations for relief relied entirely on the Award of

Arbitrator, dated February 1, 2013 (the "Award")[5] in the Korsunskys'

arbitration proceeding against the Brooks (the "Arbitration").

16.   However, the Complaint's allegations did not track the Award's language.

17.   The Complaint's allegations paraphrased the Award and mischaracterized its

findings.

18.   For this Motion, the chief mischaracterization is the Complaint's assertions

that the Award found that the Brooks engaged in fraud against the

Korsunskys. (Complaint: ¶s 14, 15, 17, 22, 28, 33, 38, 44, 50, 55 )[6].

19.   However, the Award made no finding of fraud by the Brooks.

20.   It never discussed any allegations of fraud.

---

[5] A copy of the Award which was exhibit to the Complaint  is annexed
hereto and made a part hereof as Exhibit "C."

[6] The Brooks have other issues with the validity and propriety of the Award.

### *The Prior Motion*

21.   The Brooks moved for orders: a.) pursuant to Fed.R.Civ.P. 9(b) and 12(b)(2), made applicable herein by Fed.R.Bankr.P. 7009 and 7012, dismissing the Complaint for failing obtain *in personam* jurisdiction over the Brooks; b.) pursuant to Fed.R.Civ.P. 9(b) and 12(b)(6), made applicable herein by Fed.R.Bankr.P. 7009 and 7012, dismissing the Complaint for failing to state claims for relief; c.) not allowing the Plaintiffs to replead the Complaint; and d.) granting such other and further relief as this Court deems proper (the "Prior Motion").

22.   The Prior Motion demonstrated that the Award found no fraud by the Brooks.

23.   Nor did the Award discuss the possibility of a fraud by the Brooks.

24.   The Korsunskys' opposition to the Prior Motion (the "Opposition") failed to show that the Award found any fraud by the Brooks.  A copy of the Korsunskys' Opposition is annexed hereto as Exhibit "D."

25.   The Opposition only restated the Complaint's mischaracterizations of the Award's findings.

26.   The Complaint made no factual allegations showing that the Brooks engaged in any fraud.

27.    The Complaint relied solely on the Korsunskys' mischaracterizations of the

Award.

28.    The Korsunskys' opposition to the Prior Motion failed to show that the

Complaint contained its own factual allegations that the Brooks engaged in

any fraud.

**The Order**

29.    A hearing on the Prior Motion occurred on October 1, 2013 (the "Hearing").

30.    Annexed hereto and made a part hereof as Exhibit "E" is a true copy of the

transcript from the Hearing (the "Transcript").

31.    At the Hearing, the Court stated its decision to grant the Prior Motion as to

the Complaint's First, Second. Third, Fourth, Fifth and Eighth claims for

relief, to the extent they rely on 11 U.S.C. § 523(a)(2), and its  Sixth,

Seventh,[7] and Ninth Claims for relief in their entirety.

32.     The Court also stated its decision that it was denying the Prior Motion as to

the Complaint's Claims First, Second, Third, Fourth, Fifth and Eighth claims

for relief  to the extent they rely on 11 U.S.C. § 523(a)(4) (the "Un-

---

[7] The Seventh Claim for relief was denied without prejudice.  If this Motion is granted, the Seventh Claim should be dismissed with prejudice.  It will not relate to any viable claims which might allow its resuscitation.

Dismissed Claims").

33.   The Court discussed its  reason for denying the Prior Motion for the Un-
Dismissed Claims:

> In regard to Section 523(a)(4), a debt is non- dischargeable to the
> extent it was incurred for fraud or defalcation while acting in a
> fiduciary capacity, embezzlement, or larceny. The complaint skirts
> this, does not allege fraud in a fiduciary capacity, but it may state a
> claim for defalcation and a fiduciary capacity.
>
> I'm going to permit that to stand to allow the plaintiff to show the
> support for such an allegations. ***The arbitrator's decision may give
> rise to an inference, but it does not rise to the level that would be
> required without a showing of actual facts under the circumstances.***
> The Court will allow the opportunity to see if there is evidence to
> substantiate these allegations.

 (Transcript: p. l8, lines 7-19) (Emphasis supplied).

34.   That rationale's problem is that the Complaint and the Award on which it
depends have no allegations of fact from which an inference of fraud or
defalcation can be derived.

35.   The Order was entered on November 26, 2013.  See, Exhibit "A."

## THIS MOTION SHOULD BE GRANTED

### *Fed.R.Civ.P. 59*

36.    Fed.R.Bankr.P. 9023 applies Fed.R.Civ.P. 59 to bankruptcy cases.

37.    Fed.R.Civ.P. 59(a) provides:

(a) Grounds.    A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States;  and (2) in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States.  On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment.

38.    In the Second Circuit, the standard for granting Fed.R.Civ.P. 59 relief is:

. . . where the moving party can demonstrate "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice

- 10 -

*In re Osborne*, 490 B.R. 75, 83 (Bankr .S.D.N.Y. 2013), citing, *Marrero Pichardo v. Ashcroft,* 374 F.3d 46, 55 (2d Cir.2004), and *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.,* 956 F.2d 1245, 1255 (2d Cir.1992).

39.    This Motion seeks to correct a "clear error" and prevent "manifest injustice."

## *"Clear Error" and "Manifest Injustice"*

40.    "Clear error" and "manifest injustice" have become defined as the "wholesale disregard, misapplication, or failure to recognize controlling precedent.' *Oto v. Metro. Life Ins. Co.,* 224 F.3d 601 (7th Cir.2000), rehearing denied, cert. denied as *Beverley v. Oto,* 531 U.S. 1152, 121 S.Ct. 1097, 148 L.Ed.2d 970 (2001), *In re Parikh,* 397 B.R. 518, 524 (Bankr.E.D.N.Y.2008)

## *The Controlling Precedent*

41.    Ordinarily claims under 11 U.S.C. § 523(a)(4) for defalcation need not comply with Fed.R.Civ.P. 9(b).

42.    However, the Complaint's defalcation claims are based on the Complaint's preceding allegations of fraud.

43.    Therefore, Fed.R.Civ.P. 9(b) applies to the Complaint's defalcation claims.

*Daly v. Castro Llanes*, 30 F.Supp.2d 407, 414 (S.D.N.Y.1998) ("Plaintiff's

claim . . rests on an allegation of fraudulent taking, and is therefore subject

to the pleading requirements of Rule 9(b)."),  *In re Agape Litig. v. Cosmo,*

773 F. Supp. 2d 298 , 307 (E.D.N.Y. 2011), *In re Sharp Int'l Corp.*, 302 B.R.

760, 770 (E.D.N.Y.2003).

44.     To satisfy Fed.R.Civ.P. 9(b) and 12(b), complaints alleging fraud must state

facts from which a strong inference of fraudulent intent may be drawn. *e.g.*,

*Chill v. General Electric Co.,* 101 F.3d 263, 267 (2d Cir. *1996); San*

*Leandro Emergency Medical Group Profit Sharing Plan v. Philip Morris*

*Cos.,* 75 F.3d 801, 812 (2d Cir. 1996); *Shields v. Citytrust Bancorp, Inc.,* 25

F.3d 1124, 1128 (2d Cir. 1994). *In re Parmalat Securities Litigation*, 501

F.Supp.2d 560, 583 (S.D.N.Y. 2007)(The issue is not whether GAAS

violations were alleged, but whether facts indicating that those violations

were motivated by or indicative or products of fraudulent intent were

alleged), *In re Rifkin,* 142 B.R. 61, 65-66 (Bankr. E.D.N.Y. 1992.(In

nondischargeability actions "plaintiffs are still required "to plead the factual

basis which gives rise to a 'strong inference' of fraudulent intent.")  *In re*

*Hirsch*, 2009 WL 3297278 *3 (Bkrtcy.E.D.N.Y.) ("The requirement that the

allegations should be stated with particularity has been interpreted to mean

that the complaint should allege specific facts, sources that support the

alleged specific facts and a basis from which an inference of fraud may be

fairly drawn.").

45.     Unquestionably, the Court may draw inferences.

46.     However, those inferences must be supported by fact. Russell, Bankr. Evid.

Manual § 301:1 (2013 ed.) (Inference is a deduction of fact that the trier of

fact may logically and reasonably draw from another fact or group of facts.)

*May v. DeJesus*, 2010 WL 1286800 *2 (D.Conn)("Inferences . . . must be

supported by the evidence".) *In re Suprema Specialties, Inc.*,370 B.R. 517,

530 (S.D.N.Y.).

47.     Neither the Complaint nor Award state facts supporting an inference of

fraud.

48.     Drawing an inference, not even the required strong inference, which is

unsupported by evidence is a "disregard, misapplication, or failure to

recognize controlling precedent."

49.     Moreover, the Court found only that there may be an inference, not the

required "strong inference."

50.     Even if the finding of an inference is supported, the Complaint still lacked

sufficient allegations of fact to achieve the Court finding a "strong

inference."

51.    The record and the Court's reasoning do not support sustaining the
       Complaint's Un-Dismissed claims for relief.

52.    This also resulted in a "disregard, misapplication, or failure to recognize
       controlling precedent."


## *Violating "Twombly"*

53.    Even under a relaxed standard, a  a complaint must set forth a "plausible
       entitlement to relief." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 559, 127
       S.Ct. 1955, 167 L.Ed.2d 929 (2007)("*Twombly*").

54.        Conceivable claims are no longer sufficient. *Bell Atl., Id.* at 570, 127
           S.Ct. 1955 (complaint should be dismissed under 12(b)(6) where
           "plaintiffs ... have not nudged their claims across the line from
           conceivable to plausible").  As interpreted by the Second Circuit, the
           plausibility requirement does not create a heightened pleading
           standard, but rather a flexible standard that "obliges a pleader to
           amplify a claim with some factual allegations in those contexts where
           such amplification is needed to render the claim plausible." *Iqbal v.
           Hasty,* 490 F.3d 143, 157–158 (2d Cir.2007); *see Bell Atl.,* 550 U.S. at

555, 127 S.Ct. 1955 ("Factual allegations must be enough to raise a

right to relief above the speculative level."). . . .

*In re Khafaga* 419 B.R. 539, 545 (Bankr.E.D.N.Y 2009).

55.    Deciding the Prior Motion, this Court opined, "[t]he arbitrator's decision

may give rise to an inference, but it does not rise to the level that would be

required without a showing of actual facts under the circumstances."

(Transcript: p. l8, lines 14-17)

56.    This Court apparently recognized that the Un-Dismissed Claims' allegations,

without more, did not support an inference, and did not allege plausible

claims within *Twombly*'s parameters..

57.    However, rather than dismissing the Un-Dismissed Claims the Court

allowed "the opportunity to see if there is evidence to substantiate these

allegations." Transcript: p. l8, lines 17-19.

58.    For as well intentioned as the Court was, it overlooked:  a.) the Korsunskys

had years of discovery to attempt substantiating those allegations in the

Arbitration[8]; b.) despite that discovery, in the Arbitration, the Korsumskys

---

[8] The degree of particularity required in pleading fraud depends on circumstances,  such as whether the Plaintiffs had an opportunity to take discovery. *In re Rifkin*, 142 B.R. 61, 66 (Bankr. E.D.N.Y. 1992), citing, *Devaney v. Chester* 813 F.2d 566, 569 (2nd Cir. 1987).  Despite years of discovery, the Korsunkys Un-Dismissed Claims did not state facts rising to "level that would be required . . ."

failed to prove any fraud by the Brooks; and c.) Fed. R. Civ. P. 9(b) was

designed to prevent prolonged discovery based on vague or conclusory

allegations of fraud. *In re Rosen*, 132 B.R. 679 (Bankr. E.D.N.Y. 1991)

*citing*, *Decker v. Massey*, c*iting Decker v. Massey*, 681 F.2d 111, 116 (2nd

Cir. 1982), *In re O.P.M. Leasing Services*, 32 B.R. 199, 203 (Bankr.

S.D.N.Y. 1983).[9]

59.    The Complaint never suggested a non-fraudulent defalcation claim.

60.    The Opposition never suggested that the Complaint asserted non-fraudulent

defalcation claims.

61.    The Opposition never suggested that the Complaint should be construed as

asserting non-fraudulent defalcation claims.

62.    Sustaining the Un-Dismissed Claims was unsupported by the law and

record.

63.    Sustaining the Un-Dismissed Claims resulted in a "disregard,

misapplication, or failure to recognize controlling precedent."

---

[9] If the Korsunkys will waive whatever right they may have to use the Award
for issue preclusion purposes, the Brooks will consider new rounds of discovery
favorably.

***The Plaintiff Did Not Invoke***
***Defalcation Under "Bullock"***

64.     In its decision, this Court said :

> The complaint . . .does not allege fraud in a fiduciary capacity, but it
>
> may state a claim for defalcation and a fiduciary capacity.
>
> I'm going to permit that to stand to allow the plaintiff to show the
>
> support for such an allegations.

Transcript: p. l8, lines 10-14.

65.     From this it appears that the Court is permitting the Korsunskys to assert a

claim under 11 U.S.C. § 523(a)(4), applying the definition of "defalcation"

recently given in  *Bullock v. BankChampaign, N.A.*, 133 S.Ct. 1754 (2013)

("*Bullock*").

66.     In *Bullock,* the United States Supreme Court determined what mental state

must accompany the bankruptcy-related definition of "defalcation." *Bullock,*

133 S.Ct. at 1758–59.

67.     The Supreme Court concluded that "defalcation" requires an intentional

wrong, which "includes not only conduct that the fiduciary knows is

improper but also conduct of the kind that the criminal law often treats as its

equivalent." *Id*. at 1759.

68.     Considering the Model Penal Code, the Supreme Court stated that "[w]here

actual knowledge of wrongdoing is lacking, we consider conduct as
equivalent if the fiduciary 'consciously disregards' (or is willfully blind to)
'a substantial and unjustifiable risk' that his conduct will turn out to violate a
fiduciary duty." *Id*. (citation omitted). "That risk 'must be of such a nature
and degree that, considering the nature and purpose of the actor's conduct
and the circumstances known to him, its disregard involves a gross deviation
from the standard of conduct that a law-abiding person would observe in the
actor's situation." *Id*. at 1760 (citations omitted).

69.    The Complaint never suggested a non-fraudulent defalcation claim.

70.    The Opposition never suggested that the Complaint asserted non-fraudulent
defalcation claims or that the Complaint should be construed as doing so.


### *The Award Does Not Support "Bullock" Claims*

71.    No inference of the *Bullock* mental state can be derived from the Award.

72.    Instead, the Award provides more likely or alternative explanations for the
complained-of conduct. See, *Ashcroft v. Iqbal,* 556 U.S. 662, 681 129 S.Ct.
1937, 1951-1952 (2009). ("But given more likely explanations, [the
allegations] do not plausibly establish this purpose."); *Twombly*, 550 U.S. at
567–68 (finding that plaintiff's allegations not suggestive of antitrust

conspiracy in the face of an "obvious alternative explanation" for the allegations in the complaint).

73.    The Award states:

> Brooks took Company ownership profits in disproportinate and in greater amounts than his equal co-owner.  The taking of Company profit by Brooks, who were trusted to act in the Company's interest, and not in their own interests, is a breach of fiduciary duty.  ***Whether or not their motives were in good faith is not relevant***, <u>Matter of Happy Time Fashion, Inc.</u> 7 BR665 [sic] (Bankr. SDNY 1980)

Award:  p. 8, 1st paragraph. (Emphasis supplied).

74.    The Award acknowledges the Brooks' "good faith."

75.    If the Award did not acknowledge the Brooks' "good faith," it need not have disregarded the "good faith" issue.

76.    Similarly, the Award states:

> . . . I will assume that they are legitimate expenses despite the likelihood that the actual expenses are not in such round numbers.

Award:  p. 8, 3rd paragraph,  fourth line from bottom.

77.    Apparently, despite years of discovery, the Korsunskys did not show that the subject expenses were illegitimate.

78.    Moreover, if the Korsunskys proved that the Brooks had the *Bullock* mental state, how could the Award assume the expenses were legitimate?

79.    If the Korsunskys proved that the Brooks had the *Bullock* mental state, absent evidence necessitating an assumption, would it not have been more appropriate to infer illegitimate expenses than to assume legitimate expenses?

80.    Assuming the expenses in question as legitimate shows that there is an innocent alternative explanation for the Brooks' conduct.

81.    Finally, the Award states:

It is precisely this confusion on the part of Mr. Brooks of whether the Company's money is Mr. Brooks' to use as he wishes, or whether he has an obligation, as fiduciary, that is at the heart of this case.

Award:  p. 9, 1st paragraph, ninth line from top.

82.    The Award identifies Mr. Brooks' "confusion" as "the heart of this case."

83.    Nothing in the Award suggests that the Brooks: a.)  engaged in the equivalent of criminal misconduct, See, *Bullock* at 1759; b.) consciously disregarded a substantial and unjustifiable risk; b.) engaged in a gross deviation from the standard of conduct that a law-abiding person would observe in the actor's situation." *Id*. at 1760.

84.  So, nothing infers defalcation within *Bullock's* definition.

85.  Instead the Award's text shows, "obvious alternative explanation[s]," which suggest lawful conduct rather than the unlawful conduct the Court inferred. *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010), *In re Waldrup Photography, Inc.*,  2012 WL 4471561 *5 (Bankr. N.D. Ala. 2012).

86.  Where that "'obvious alternative explanation' . . . is more likely, the plaintiff's cause of action is not plausible and must be dismissed." *Holmes v. Air Line Pilots Ass'n, Intern.*,745 F.Supp.2d 176, 193(E.D.N.Y. 2010), *Amusement Industry, Inc. v. Stern*, 2010 WL 2976204 *4 (S.D.N.Y. 2010).

87.  That is the case here.

88.  The Complaint's allegations infer an "obvious alternative explanation" that is more likely than Un-Dismissed Claims.

89.  No inferences of defalcation under *Bullock's* definition of defalcation can be drawn from the Complaint or Award.

90.  Not dismissing the Un-Dismissed Claims resulted from  a "disregard, misapplication, or failure to recognize controlling precedent."

### *The Motion is Timely*

91.     Motions for a new trial must be served within fourteen days after entry of

         the judgment or order which is the subject of the motion. Fed. R.Civ P.

         59(e), *See, In re Wright*, 186 B.R. 394, 395 (Bankr.D.Md. 1995 ), *In re Best*

         *Payphones, Inc.*  2003 WL 1089525, *1 (Bankr. S.D.N.Y. 2003)

92.     This Motion complies with this requirement.  This Court's Order was

         entered on November 26, 2013.

93.     This Motion is being served and filed within that fourteen day period.

**WHEREFORE**, the Brooks ask this Court to grant this Motion and issue orders:

a.) pursuant to Local Bankruptcy Rule 9023-1, Fed.R.Bankr.P. 9023 and

Fed.R.Civ.P. 59, I.) relieving the Brooks of that portion of the Order which denied

the Brook's Prior Motion to dismiss the Un-Dismissed Claims;  II.) granting

reconsideration of that portion of the Prior Motion concerning the Un-Dismissed

Claims; and c.) granting such other and further relief as the Court deems proper.

Dated: New York, New York
     December 10, 2013       CUEVAS &  GREENWALD, P.C.
                                 *Attorneys for the Debtor-Defendants*
                                 *Bob Brooks and Alexandra Brooks*
                                 at 475 Park Avenue South - 26th Floor
                                 New York, New York 10016
                                 212-983-1922

                                 By: /s/Wayne M. Greenwald   Officer.
                                        Wayne M. Greenwald

<u>VERIFICATION</u>

Wayne M. Greenwald declares:

1.     I am an attorney, admitted to practice law before this Court.

2.     I am a member of Cuevas & Greenwald, P.C., which is the law firm representing the respondents, Bob Brooks and Alexandra Brooks in this proceeding and their bankruptcy case.

3.     I have personal knowledge of the facts stated herein.

4.     I read the preceding "Bob Brooks' and Alexandra Brooks' Verified Motion for Orders, Pursuant to Fed.R.Bankr.P.  9023, for a New Trial and Relieving Them of That Portion of this Court's Order, Dated November  26, 2013, Which Did Not Dismiss the Complaint's Claims, with Points and Authorities," know the contents thereof and the facts stated therein are true and correct to the best of my knowledge, information and belief.

6.     I declaring the foregoing statement of facts to be true and correct, under penalty of perjury, pursuant to 28 U.S.C. § 1746.

Dated: New York, New York
          December 10, 2013


                                            /s/  Wayne M. Greenwald
                                            Wayne M. Greenwald

- 23 -